Rita W. Gruber, Judge, concurring. I agree with the majority that the hearing |fiat issue was: authorized by statute and that the trial court’s order did not comply with the statutory requirement that the court make written findings on the factors it considered in deciding to require registration. I write separately to express my concern that trial courts must follow all aspects of Arkansas Code Annotated section 9-27-356(b) before ordering a juvenile adjudicated delinquent for an offense with an underlying sexually motivated component to register as a sex offender: (b)(1) The court may order a sex offender screening and risk assessment if a juvenile is adjudicated delinquent for any offense with an underlying sexually motivated component. (2) The court may require that a juvenile register as a sex offender upon recommendation of the Sex Offender Assessment Commit tee and following a hearing as set forth in subsection (e) of this section. Ark.Code Ann. § 9-27-356 (Repl.2015) (emphasis added). In the present case, the trial court followed the recommendation of the licensed social worker who performed the screening and risk assessment at the University of Arkansas for Medical Sciences (UAMS) Department of Pediatrics. Although neither the court’s order nor the record indicates that the Sex Offender Assessment Committee made a recommendation that this juvenile register as a sex offender, the issue was not raised below and is not before us for review. While there may be a formal agreement between the committee and UAMS that provides for assessments to be performed, as was done in this case, it is not evident from the record that is before our court.